UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CHRISTOPHER LOVELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:   3:21-cv-46 |
| | ) |
| PEABODY INVESTMENTS CORP., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.  This is an action brought by Plaintiff, Christopher Lovell ("Lovell"), by counsel, against Defendant, Peabody Investments Corp., ("Defendant"), for its discriminatory actions towards him based on his disabilities and retaliation in violation of the Americans with Disabilities Act, as amended, ("ADAAA") 42 U.S.C. § 12101 et seq., for its discriminatory actions towards him based on his gender and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and for its retaliatory actions against him in violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq.

**II. PARTIES**

2.  Lovell is a citizen of the United States, the Commonwealth of Kentucky and, at all times relevant to this litigation, worked at Defendant's Francisco Mine which is located within the geographical boundaries of the Southern District of Indiana.

-1-

3. Defendant is a Foreign For-Profit Corporation, which maintains offices and conducts operations within the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117 and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A), 42 U.S.C. §2000e(b) and 29 U.S.C. §2611(4).

6. At all times relevant to this action, Lovell was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 42 U.S.C. §2000e(f).

7. Lovell is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Lovell's disability and/or Defendant regarded Lovell as being disabled.

8. Lovell exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability, gender, and retaliation – EEOC Charge no. 470-2020-02342.  Lovell has filed his Complaint within ninety (90) days of receipt of his Notice of Suit Rights.

9. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

10. Lovell was a qualified and eligible employee as defined by the FMLA.

## IV. Factual Allegations

11. Lovell was hired by the Defendant as a contract employee in or about September 2014 and was hired as fulltime/direct employee on or about March 4, 2015, at is Francisco, Indiana coal mine.

12. At all times relevant, Lovell met or exceeded Defendant's legitimate performance expectations.

13. Lovell is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8). Defendant knew of Lovell's disability and/or regarded Lovell as being disabled and/or Lovell has a record of being disabled.

14. Lovell has the diagnosed disabilities of PTSD, anxiety, and depression – for which he receives on-going medical treatment.

15. Beginning in or about January 2019, Lovell was harassed and subjected to a hostile work environment – daily and constantly - based on his gender and/or disabilities.

16. For example, he was yelled at and cursed, he and another male employee were they had "man boobs," sexual statement and racial slurs were constantly used, a male co-worker was forced to wear a cow bell and told his "man boobs" were big enough to milk, bras were hung from his locker.

17. Moreover, Lovell's personal safety was endangered by his co-workers. For example, co-workers would run their heavy machinery dangerously close to Lovell and

on another occasion a co-worker picked up the machinery Lovell was in and operating and let if fall – causing significant pain to Lovell.

18. Additionally, co-workers regularly stated that Lovell did not do his work and that he was worthless.

19. Lovell complained about the harassment, bullying and discrimination on numerous occasions to his supervisor, James Ford ("Ford"), and to Defendant's Human Resources Representative, Judy Hipp ("Hipp").

20. Lovell kept complaining – even supplying all of relevant co-worker names to Hipp – and, finally, in or about July 2019, the Defendant held a meeting about Lovell's complaints. Lovell's co-workers were allegedly warned of bullying and harassment and the Underground Manager, Eric Carter, was moved to a different location, but was eventually brought back. Importantly, the harassment did not stop and Lovell was retaliated against.

21. For example, in or about December 19, 2019, a co-worker came up behind Lovell in the breakroom, grabbed his hips and started simulating sex with Lovell and co-workers would make comments over the work radio disparaging Lovell so Lovell could hear them.

22. Furthermore, in or about July 2019, and in retaliation, Lovell was transferred from his position as a Scoop Operator to a Belt Shoveler. The Belt Shoveler position is a position reserved for new or contract employees and is a more difficult position.

23. Moreover, the position isolated Lovell from his harassers in lieu of actually punishing the harassers and the position did not allow for overtime, which caused a significant loss in pay for Lovell – estimated to be about $600 per week.

24. Due to the harassment and the exacerbation of his disabilities due to the harassment, Lovell had to take intermittent FMLA leave.

25. Lovell also filed a worker's compensation claim and complained about the harassment causing injuries to Defendant's Safety Manager, Mike Workman, who brushed off his complaints stating – "Everyone went through it. Seriously?"

26. On another occasion, Lovell requested that his blood pressure be monitored by an on-site first responder, who was an employee of the Defendant, and Ford refused stating that it would take up too much production time and Lovell needed to deal with it himself.

27. The harassment and discrimination continued and exacerbated Lovell's disabilities to the point, in or about January 2020, he went on Short Term Disability leave and then Long Term Disability leave.  Lovell was only paid 60% of his based hourly pay during each leave period.

28. Finally, on or about August 15, 2020, Lovell was constructively discharged from his employment with the Defendant as he could not go back to work and face the bullying, harassment and discrimination.

### V.  LEGAL ALLEGATIONS

### COUNT I - DISABILITY DISCRIMINATION

29. Lovell hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint.

30. Defendant violated Lovell's rights by discriminating against him, harassing him and subjecting him to a hostile work environment, demoting him/reducing his pay, and constructively discharging him due to his disabilities.

31. Defendant's actions were intentional, willful and in reckless disregard of Lovell's rights as protected by the ADAAA.

32. Lovell has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II – ADAAA RETALIATION

33. Lovell hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

34. Defendant violated Lovell's rights by discriminating against him, harassing him and subjecting him to a hostile work environment, demoting him, cutting his pay and constructively discharging him in retaliation for engaging in a protected activity.

35. Defendant's actions were intentional, willful and in reckless disregard of Lovell's rights as protected by the ADAAA.

36. Lovell has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT III – TITLE VII – GENDER DISCRIMINATION

37. Lovell hereby incorporates by reference paragraphs one (1) through thirty-six (36) of his Complaint.

38. Defendant violated Lovell's rights by discriminating against him, harassing him and subjecting him to a hostile work environment, demoting him, cutting his pay and constructively discharging him due to his gender.

39. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

40. Defendant's actions were willful, intentional, and done with reckless disregard for Lovell's civil rights.

41. Lovell has suffered injury as a result of Defendant's unlawful actions.

### COUNT IV – TITLE VII – RETALIATION

43. Lovell hereby incorporates by reference paragraphs one (1) through forty-two (42) of his Complaint.

44. Defendant violated Lovell's rights by discriminating against him, harassing him and subjecting him to a hostile work environment, demoting him, cutting his pay and constructively discharging him in retaliation for engaging in an activity protected by Title VII of the Civil Rights Act of 1964.

45. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

46. Defendant's actions were willful, intentional, and done with reckless disregard for Lovell's civil rights.

47. Lovell has suffered injury as a result of Defendant's unlawful actions.

### COUNT V – VIOLATIONS OF THE FMLA

48. Lovell hereby incorporates paragraphs one (1) through forty-seven (47) of his Complaint.

49. Defendant violated Lovell's rights by discriminating against him, harassing him and subjecting him to a hostile work environment, demoting him, cutting his pay and constructively discharging him in retaliation for exercising his rights under the FMLA.

50. Defendant's actions were intentional, willful and in reckless disregard of Lovell's rights as protected by the FMLA.

51. Lovell suffered damages as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Christopher Lovell, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to his prior position – before his demotion, with the salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay to Plaintiff all of his lost wages and benefits including but not limited to lost overtime and the different in pay between regular fulltime pay and STD/LTD benefits;

3. Enjoin Defendant from further discriminatory actions against any employee based on their gender, disability or use of FMLA leave;

4. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

5. Pay to Plaintiff liquidated damages due to Defendant willful violation of the FMLA;

6. Pay to Plaintiff punitive damages;

7. Pay to Plaintiff pre- and post-judgment interest;

8. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

9. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Christopher Lovell*

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher Lovell, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Christopher Lovell*